# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY UNSELD WASHINGTON** : | : | CV. No. 4:08-CV-1283 |
| **Plaintiff** : | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JAMES GRACE, et al.** : | : | |
| **Defendants.** : | : | |

## MEMORANDUM AND ORDER

The plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint on July 7, 2008 (Doc. 1) and an amended complaint June 29, 2009. (Doc. 22.) Liberally construed, the amended complaint names approximately 132 defendants, and sets forth some 320 factual averments of alleged violations of the plaintiff's rights. Many of these acts which are the subject of the plaintiff's complaint are more than 10 years old, spanning conduct that reaches as far back as 1997, and in many instances it is impossible to determine which of the more than 130 named defendants are alleged to have committed the acts set forth in the complaint. The complaint then alleges that these actions constituted Eighth Amendment violations relating to lack of medical care and use of excessive force by prison officials, due process violations, negligence and medical malpractice.

1

This Court was assigned responsibility to oversee this case on June 23, 2010. Having examined the plaintiff's complaint we are notifying the plaintiff that many of these allegations are subject to dismissal and are directing the plaintiff to file an amended complaint for the reasons set forth below.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."

3

Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

Applying this standard, the Court places the plaintiff on notice that many of the allegations in the *pro se* complaint may be subject to dismissal for failure to state a claim upon which relief can be granted.

First, when conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third

Circuit recently explained when it affirmed the dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, the Court places the plaintiff on notice that the allegations in the *pro se* complaint may be subject to dismissal on statute of limitations grounds. Specifically, this complaint, which alleges misconduct by government actors beginning in the 1997, was first filed on June 7, 2008, far more than two years after many of the events complained of by the plaintiff. Therefore,

much of what is alleged in the amended complaint appears to be time-barred by the two-year statute of limitations generally applicable to civil rights matters.

It is well-settled that civil rights claims brought under 42 U.S.C. § 1983 which are " subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir.1993) (citing 42 Pa. Cons.Stat. Ann. § 5524); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n. 3 (3d Cir.1988)." Gordon v. Pugh, 235 F. App'x. 51, 53 (3d Cir. 2007); Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). See Kach v. Hose, 589 F.3d. 626, 634 (3d Cir. 2009). A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995). Because the plaintiff knew of his claimed injury at the time it was inflicted–beginning in the 1997–the continuing wrong theory and discovery doctrines, which extend the limitations period in some cases, do not apply. See Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) ("We understand Fowkes[v. Pennsylvania R.R. Co., 264 F.2d 397 (3d Cir. 1959)] to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") (quoting Kichline v. Consolidated Rail

7

Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000).Thus, in this case a straightforward application of the two-year statute of limitations seems to compel dismissal of all allegations this action which pre-date July 7, 2006 as untimely.

Therefore, at the outset, Washington should prepare an amended complaint which only sets forth allegations which post-date July 7, 2006, or provide an explanation why these earlier allegations are not time-barred.

Second, with respect to many of the 130 defendants named in this action, it is completely unclear what actions they are alleged to have taken, and when they are alleged to have taken those actions. This complete failure to articulate in the amended complaint a basis for holding these correctional staff accountable for some violation of the constitution may compel dismissal of these defendants from this lawsuit. See Thomas v. Conway, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal).

Therefore, with respect to each defendant, Washington is instructed that the complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009). Instead, as to each defendant Washington must recite facts in the complaint that are sufficient to show that the plaintiff has a "plausible claim for relief" against the named defendant.

In this regard, Washington faces an exacting burden in advancing an Eighth Amendment claim against prison officials in their individual capacities. To sustain such a claim, the plaintiff must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

Beers-Capitol v. Whetzel 256 F.3d 120, 125 (3d Cir. 2001).

By including a subjective intent component in this Eighth Amendment benchmark, the courts have held that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. See Jones v. Beard, 145 F. App'x 743 (3d Cir. 2005)(finding no Eighth Amendment violation where inmate-plaintiff complained about cellmate who had a history of psychological problems, but where plaintiff failed to articulate a specific threat of harm during the weeks prior to an attack.).

More fundamentally, such a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a prison official when the incidents set forth in the complaint occurred. Quite the contrary, to state a claim under §1983, the plaintiff must show that the defendant, acting under color of state law,

deprived the plaintiff of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, it is well-established that:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Furthermore, with respect to Eighth Amendment claims premised on inadequate medical treatment of Washington, in the medical context a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, a plaintiff is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials

that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as

constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; see, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. Instead, courts have defined the precise burden which an inmate must sustain in order to advance an Eighth Amendment claim against a healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment claim, as it concerned [a care giver], because [the] allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his . . . care. The standard for cruel and unusual punishment under the Eighth Amendment, established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. "It is well-settled that

> claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' " "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." . . . . [The inmate] alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care . . . . Although [an inmate plaintiff] may have preferred a different course of treatment, [t]his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.

James, 230 F.App'x. at 197-198(citations omitted).

In short, in the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

There is a necessary corollary to this principle, limiting the reach of the Eighth Amendment in a prison medical setting. It is also well-established that non-medical correctional staff may not be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d. Cir. 1993). The rationale for this rule has been aptly explained by the United States Court of Appeals for the Third Circuit in the following terms:

> If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within

13

> a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive *not* to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability. Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference

Spruill v. Gillis, 372 F.3d 218, 236 (3d. Cir. 2004).

Applying this standard, courts have repeatedly held that, absent some reason to believe that prison medical staff are mistreating prisoners, non-medical corrections staff who refer inmate medical complaints to physicians may not be held personally liable for medically-based Eighth Amendment claims. See, e.g., Johnson v. Doughty, 433 F.3d 1001 (7th Cir. 2006); Spruill v. Gillis, supra; Durmer v. O'Connor, supra; Garvey v. Martinez, No. 08-2217, 2010 WL 569852 (M.D. Pa. Feb. 11, 2010); Hodge v. United States. No. 06-1622, 2007 WL 2571938 (M.D. Pa. Aug. 31, 2007). This rule applies specifically to those prison staff whose involvement in a medical matter consists solely of examining, reviewing and addressing an inmate grievance concerning medical issues. Where non-medical corrections staff simply review a grievance, and refer an inmate to medical personnel, it is clear that "merely responding to or reviewing an inmate grievance does not rise to the level of personal

involvement necessary to allege an Eighth Amendment deliberate indifference claim." Garvey v. Martinez, 2010 WL 569852, 7 (M.D.Pa. Feb. 11, 2010)(citations omitted); see Johnson v. Doughty, 433 F.3d 1001 (7th Cir. 2006).

In this case, without the inclusion of some further well-pleaded factual allegations, the assertions made by Washington appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. At 1979. We recognize, however, that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. V. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Since the *pro se* complaint may not contain sufficient factual recitals to state a claim upon which relief may be granted, or otherwise may seek relief which cannot be afforded to the plaintiff,[1] the plaintiff is placed on notice that these allegations may be subject to dismissal under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] We also note that in some instances, the relief sought by the plaintiff may be beyond the power of the court to grant, such as the plaintiff's request that court order changes in some of the plaintiff's physical dimensions. (Doc. 22, Amended Complaint, Request for Relief, No. 3.)

The Court will, however, provide the plaintiff with an opportunity to correct this potential deficiency in the *pro se* complaint, and avoid the possible sanction of dismissal of claims. Accordingly, **IT IS ORDERED** that the plaintiff shall file an amended complaint on or before <u>**July 15, 2010**</u>. Any amended complaint shall be complete in all respects, and should address the issues raised by this Order. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case. If the plaintiff fails to file an amended complaint by <u>**July 15, 2010**</u>, the Court will assume that the plaintiff cannot provide further well-pleaded facts in support of this complaint, and will make appropriate recommendations regarding whether the complaint should be dismissed, for failure to prosecute by complying with this Court's order or for failure to state a claim upon which relief may be granted.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

Dated: June 24, 2010.