## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY UNSELD WASHINGTON** | : | Civil No. 4:08-CV-1283 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JAMES GRACE, et al.** | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **HENRY UNSELD WASHINGTON** | : | Civil No. 4:07-CV-867 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JAMES GRACE, et al.** | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. Introduction

These cases present a striking illustration of both the challenges which can arise in *pro se* litigation, and the reasons why case law limits the ability of plaintiffs to endlessly attempt to amend complaints, holding that courts need not entertain amendment of pleadings, when the exercise of amending the pleading is itself an exercise in futility.

In this case, we are presented by an inmate *pro se* plaintiff who has been working on various amended complaints for the past five years, since 2007, none of which have yet been sufficiently clear or coherent to serve. As part of this protracted process, in September of 2011, the United States Court of Appeals for the Third Circuit, considered the legal sufficiency of one of Washington's amended complaints, dismissed the vast bulk of the plaintiff's prolix and confusing third amended complaint, and found that only 14 averments out of the plaintiff's 360 paragraph amended complaint warranted service and further litigation. Washington v. Grace, No. 10-4434, 2011 WL 4436277, *2 (3d Cir Sept. 26, 2011).

Following the remand of this matter, we offered Washington the opportunity to prepare a simple, concise amended complaint reciting these remaining claims. Washington has responded to this simple direction by filing multiple motions for extension of time to amend his complaint, motions and pleadings in which Washington estimates that it may take him as much as an additional 18 months to complete this elementary task. Washington has also tendered to the Court what he describes as the first installment on this proposed amended complaint which may take a year and a half to complete–a 75 page tome which names more than 150 defendants, repeats dozens of dismissed claims, and contains in excess of 140 separately numbered paragraphs, many of which re-allege claims that have already been found

wholly wanting. Given Washington's assertion that this document represents only 25% of his entire proposed amended complaint, it is anticipated that when Washington completes this pleading, which he currently estimates may be sometime in the summer of 2013, the amended complaint will be 300 pages in length and will contain more than 560 separately numbered paragraphs.

On these facts, recited by Washington, we find that granting further leave to amend would be futile. Therefore, we will deny Washington's motions to amend and for further extensions of time in which to amend this complaint. Instead, we will order service of Washington's last previously filed amended complaint on the defendants, and will direct the defendants to respond only to those averments that were previously specifically identified by the court of appeals as meriting a response.

## II. Statement of Facts and of the Case

These cases have been referred to the undersigned for pre-trial management following the remand of this matter from the court of appeals on September 26, 2011. Washington v. Grace, No. 10-4434, 2011 WL 4436277 (3d Cir. Sept. 26, 2011). That appellate court opinion aptly captured the essential quality of Washington's claims and allegations, stating that:

> On June 24, 2008, Commonwealth of Pennsylvania prisoner Henry Unseld Washington commenced this lawsuit, the second of at least two he lodged against a similar, capacious set of defendants. As before, his

lengthy, handwritten complaint charged a series of constitutional and other violations, most predicated on conspiratorial retaliation, ranging from the serious (physical and sexual assault) to the trivial (denial of toenail clippers; targeted, tobacco-saturated expectorate) to the outright bizarre (contamination of cell with "renowned cancer-causing juice"). The defendants were, again, staff members and others associated with a series of Pennsylvania state prisons: SCIs Greene, Fayette, Huntingdon, Dallas, and Pine Grove. Washington requested, inter alia, compensatory damages, replacement of his damaged property, injunctive relief (including commutation of his life sentence, facially prohibited by Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)), and surgery to reverse his "genital dysmorphism."[1] This new case, which addressed conduct spanning from June 30, 2004, to (by the third amended complaint) May 2010, substantially overlapped with the previous case, M. D. Pa. Civ. No. 4–07–CV–00867; indeed, several of the allegations were identical.

Washington v. Grace, 2011 WL 4436277 at *1 (footnotes omitted).

The appellate court then conducted a painstakingly careful review of Washington's third amended complaint, which had previously been dismissed in its entirety upon a screening review. While that review affirmed the dismissal of literally hundreds of claims, averments and parties named by Washington in this amended

---

[1] Dysmorphism is defined as "an anatomical malformation". Merriam-Webster Dictionary, 2011, ed. In this case, dysmorphism is a constant recurring theme in Washington's various complaints, including the proposed amended complaint that he wishes to work on over the next 18 months. Specifically, one of the central recurring assertions in Washington's pleadings is that his genitals are shrinking and prison officials are responsible for this process. Indeed, Washington's prior complaints have, *inter alia*, requested that we reverse the process and restore him to his former stature, something that is plainly beyond the power of any court to achieve.

complaint, out of an abundance of caution the court of appeals remanded a handful of claims for further scrutiny by this Court. In this regard, the court of appeals' opinion in this case narrowly and specifically defined Washington's surviving claims, plainly stating as follows:

> Since Washington initiated this lawsuit on June 24, 2008, see Houston v. Lack, 487 U.S. 266, 276 (1988), the two-year statute of limitations for 42 U.S.C. § 1983 actions in Pennsylvania bars recovery for conduct taking place before June 24, 2006. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir.2009); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir.1994) (explaining that a complaint can be dismissed for statute-of-limitations violations when "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading"). Looking to the third amended complaint, which was used by the District Court in making its final disposition, we observe that paragraphs one through 92 refer exclusively to activity before the two-year cutoff. Therefore, none of those factual grounds can properly support a claim (with one exception, discussed *infra*). We are similarly in accord with the majority of the District Court's reasoning on Washington's Eighth Amendment and First Amendment retaliation claims. Washington did not successfully plead deliberate indifference by the defendants to his serious medical needs, see Woloszyn v. Cnty. of Lawrence, 396 F.3d 314, 320 (3d Cir.2005), nor did he show that most of the alleged retaliation by the defendants would deter a person of ordinary firmness from exercising his constitutional rights, see Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003); moreover, many of the defendants were not shown to have personal involvement in any underlying constitutional violation, see Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.2005).*However, we have identified several claims that, on their face, pass substantive muster. Specifically, the following paragraphs of the third amended complaint contain allegations of retaliation, excessive force, and sexual assault that appear to state a claim upon which relief could be granted: 88, 103–04, 108, 112, 118, 122, 131, 145, 221, 239, 339, and 356–57.* With regard to these claims, we will vacate the District Court's judgment and remand for further proceedings.

<u>Washington v. Grace</u>, 2011 WL 4436277, *2 (3d Cir Sept. 26, 2011)(emphasis added).

This case was then referred to the undersigned for further pretrial proceedings. As part of this process, on October 3, 2011, we entered an order directing the plaintiff to file an amended complaint on or before October 17, 2011, given the lack of clarity in these pleadings. On October 20, 2011, the plaintiff filed motions (Docs. 89 and 70), requesting an additional six months, or 180 days, in which to prepare his amended complaint, stating that he has found the Court's one page order too confusing to comply with in any shorter period of time.

We granted this request, in part, finding that the plaintiff did not need six months to complete this task, and should have no confusion regarding the task before him since that task was expressly defined by the court of appeals in its remand order. Therefore, the plaintiff was ordered to prepare an amended complaint which listed only those parties and claims specifically identified by the court of appeals as warranting further consideration, along with any other claims and defendants that are the plaintiff believed were not foreclosed by the prior ruling of the court of appeals. Washington was also advised that any amended complaint should be complete in all respects, address all of the issues set forth in the court of appeals' opinion, and be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Since this order, and the court of appeals' opinion plainly

identified this task which was a straightforward one, we denied the plaintiff's request for six months to complete the filing of an amended complaint, but allowed Washington an additional month to complete this task, and ordered that this complaint be filed on or before November 21, 2011.

Washington then filed another motion seeking a six month extension of time to complete this task, (Doc. 94), which reported that he is only 1/64th of the way through this task, and asserting that the Court's orders, which specifically identified for him the allegations which remain viable in the case, listing those allegations by paragraph number, were too confusing to be understood. We denied this second request for 180 days in which to amend his complaint, but extended the deadline for submission of any amended complaint one last time to December 18, 2011.

Washington responded by filing a third motion seeking a 180-day extension of time in which to file amended complaints. (Docs. 77 and 96) In this, his third such motion, Washington alleged that he had been working 12 to 16 hours a day to complete his amended complaint, but asserted that he had experienced daily heart attack symptoms, frequent collapses, nose bleeds that have continued unabated for days, and episodes of memory loss spanning many hours and days. Because we were not in a position to assess Washington's claim that he daily suffered from profound medical problems, including daily heart attack symptoms, which prevented him from completing this task, we ordered the defendants to briefly respond to these latest

7

motions, providing their position regarding whether Washington should be given any further extension of time, and providing any information which they possess regarding Washington's current medical condition and limitations. The defendants have responded to this order, opposing any further extensions of time and filing materials which indicate that many of the medical symptoms, conditions, and episodes which Washington vividly described are wholly unsupported by any medical science or empirical evidence.

While this motion for extension of time was pending, Washington filed *new* motions of extension of time, which sought 270 days, until August of 2012, to complete the task of amending his complaint. (Washington v. Grace, No 4:07-CV-867, Doc. 98; Washington v. Grace, 4:08-CV-1273, Doc. 81)  Along with these motions, Washington filed drafts of the first segment of his proposed amended complaints. Each of these draft amended complaints plainly violated the direction Washington has repeatedly received in writing, in that the proposed amended complaints set forth confused and confusing claims against 157 defendants, many of which related to matters occurring well outside the statute of limitations, and some of which involved matters that the court of appeals has rejected as either outlandish or trivial.

Moreover, according to Washington, these documents, which purport to be segments comprising only 25% of Washington's proposed fourth amended complaint,

8

are each approximately 75 pages long and contain more than 140 separately numbered paragraphs. Therefore, given Washington's assertion that these documents represent only a quarter of his proposed fourth amended complaint, it appears that Washington ultimately intends to file 300 page pleadings, containing more than 560 factual averments.

Washington has now filed additional pleadings in these cases (Washington v. Grace, No 4:07-CV-867, Doc. 106; Washington v. Grace, 4:08-CV-1273, Doc. 86), which recite that this monumental task will take even longer than he previously estimated, stating that the "amended complaint probably will *not* be completed for an additional 18 months." (Doc. 106, p.1)(emphasis in original.) Therefore, Washington, who initially filed these actions in 2007 and 2008, does not anticipate having a proposed fourth amended complaint prepared for consideration by the Court and service on the defendants until the summer of 2013 at the earliest. Moreover, Washington, who has had the bulk of his prior claims barred by the two-year statute of limitations, alleges that he will take approximately two years from the date of the remand of this case in which to prepare an amended complaint dealing with these allegations of past misconduct.

On these facts, for the reasons set forth below, we conclude that further delay for the purpose of providing additional leave to amend is futile, and we deny these motions for further extensions of time.

### III. <u>Discussion</u>

Decisions regarding motions to amend pleadings rest in the sound discretion of the District Court and will not be disturbed absent an abuse of that discretion. <u>See e.g.</u>, <u>Bjorgung v. Whitetail Resort, LP</u>, 550 F.3d 263 (3d Cir. 2008); <u>Cureton v. National Collegiate Athletic Ass'n</u>., 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) of the Federal Rules of Civil Procedure, was amended in December 2009 to provide as follows:

**(a) Amendments Before Trial**

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading *once* as a matter of course within:
>
>> **(A)** 21 days after serving it, or
>>
>> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . .
>
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(emphasis added).

Given the plain language of the rule, in this case Ball plainly is not entitled to amend this complaint as a matter of course under Rule 15(a) since Washington has already filed multiple amended complaints, and may only amend a pleading once as

a matter of right. Nor can Washington show that he should be granted discretionary leave to amend his complaint, yet again, at this late date. In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the District Court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Moreover, a party seeking to supplement pleadings must act in a

11

diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir.1998)." Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002).

Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15, which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964). Therefore, in considering a motion to amend we must always "appl[y] Rule 15[] in a manner aimed at securing the just, speedy and inexpensive determination of every action.. . . Masimo Corp. v. Philips Elec. N. Am. Corp., 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

Viewing this motion in light of these guiding benchmarks, we find that denial of any further extension of time for the purpose of amending these pleadings sometime in 2013 is fully warranted here. In this regard, we specifically conclude that the delay in moving to amend is now "undue" since "the plaintiff has had [ample] previous opportunities to amend," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d

12

at 266. Moreover, when we "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, as we are required to do, we find that Washington has given no coherent reason for this delay.

We also find that delaying these proceedings for as much as another 18 months, while Washington crafts this fourth amended complaint would be a futile gesture. A review of the initial installment of Washington's draft fourth amended complaint reveals that for the most part it simply repeats time-barred and meritless factual claims which have already been dismissed, and simply recites in a talismanic fashion that everything which the plaintiff alleges has happened to him in prison over the past five years has been part of some effort to retaliate against him for unspecified First Amendment activities. Since an amended complaint must recite well-pleaded facts giving rise to a plausible claim for relief, this document plainly fails and it appears that much of this pleading will be subject to summary dismissal when, and if, it is completed 18 months from now.

Washington's fourth proposed amended complaint is likely futile in another fundamental way. The plaintiff has already been placed on notice that many of Washington's allegations are time-barred by the two-year statute of limitations that applies to civil rights complaints. Having received this specific notice from the court of appeals, Washington now proposes to spend nearly two years drafting a new complaint, a complaint which will then likely be almost entirely time-barred by the

time it is filed. It is difficult to conceive of a more futile activity than preparing a voluminous 300-page pleading which will be a time-barred legal nullity when it is eventually filed.

Finally, we find that permitting this amendment at this late date would be "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, since it would allow Washington to effectively bring otherwise time-barred claims against individual defendants more than four years after the events which give rise to this lawsuit. Indeed, adopting the course urged here would be both clearly "prejudicial to the opposing party," Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266, and also "place[] an unwarranted burden on the court," Id., which would have to litigate these time-barred issues.

## IV.   Conclusion

Because we find that Washington's efforts to further amend this complaint are untimely, futile and prejudicial to the interests of justice, we DENY Washington's motions for extension of time in which to complete this task,(Washington v. Grace, No 4:07-CV-867, Doc. 98; Washington v. Grace, 4:08-CV-1273, Doc. 81).

IT IS FURTHER ORDERED as follows:

1.  These two cases consolidated for purposes of all future proceedings, and all future filings will be filed under Washington v. Grace, 4:08-CV-1273.

2. The clerk will serve a copy of the plaintiff's third amended complaint in Washington v. Grace, 4:08-CV-1273 on the defendants, who are instructed to only respond to the following paragraphs of the third amended complaint which contain allegations of retaliation, excessive force, and sexual assault that appear to state a claim upon which relief could be granted: 88, 103–04, 108, 112, 118, 122, 131, 145, 221, 239, 339, and 356–57, which contain averments which the court of appeals has remanded to this Court for further proceedings. Washington v. Grace, 2011 WL 4436277, *2 (3d Cir Sept. 26, 2011)(emphasis added).

So ordered this 7th day of February 2012.

*S/MARTIN C. CARLSON*
Martin C. Carlson
United States Magistrate Judge