Case 4:08-cv-01283-JEJ Document 128 Filed 03/26/13 Page 1 of 4

FILED
SCRANTON
MAR 26 2013
PER_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON
PLAINTIFF
v.
JAMES L. GRACE, Defendants et al.

CIVIL CIVIL No. 4:08-CV-1283
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ORDER TO SHOW CAUSE FOR AN PRELIMINARY INJUNCTION, AND OR PERMANENT INJUNCTION ... IN COMPLIANCE TO THE COURT ORDER DATED, 3-8-13; Doc#123 AT P.5

I, HENRY UNSELD WASHINGTON, AM THE PLAINTIFF IN THE ABOVE ACTION CAPTION:

1. PLAINTIFF MOVES THIS COURT WITH A MEMORANDUM OF LAW IN SUPPORT OF HIS ORDER TO SHOW CAUSE FOR AN PRELIMINARY INJUNCTION, AND OR PERMANENT INJUNCTION; IN COMPLIANCE TO THE COURT ORDER DATED, 3-8-13; Doc#123 AT P.5

2. PLAINTIFF RIGHTS VIOLATED WHEN DENIED PROTECTION FROM PHYSICAL-N-SEXUAL ABUSE BY SCI-GREENE DOC AND MEDICAL PROFESSIONALS. WILKS V. CADDY 130 S.CT. 1175, 1178 (U.S. 2010) (HUDSON V. McMILLIAN, 503 U.S. 1, 7, 112 S.CT. 995 (1992); WHITLEY V. ALBERS 475 U.S. 312, 319-321, 106 S.CT 1078 (1986) ("WHEN OFFICIALS MALICIOUSLY AND SADISTICALLY USE FORCE TO CAUSE HARM; NOT WHETHER A CERTAIN QUANTUM OF INJURY WAS SUSTAINED); FARMER V. BRENNAN, 511 U.S. 825, 833-34, 114 SCT. 1970 (1994)(PRISON OFFICIALS HAVE A DUTY TO TAKE THE REASONABLE STEPS TO PROTECT INMATES FROM PHYSICAL ASSAULTS-N-ABUSES); WESTON V. PENNSYLVANIA 257 F.3d 420, 427 (3rd CIR. 2001); BECKFORD V. DEPT. OF CORRECTIONS, 605 F.3d 951, 957-60 (C.A. 11 FLA. 2010) (LIABLE UNDER TITLE VII FOR HARASSMENT BY THIRD PARTIES WHEN THAT CONDUCT CREATES A HOSTILE WORK ENVIRONMENT). ALSO SEE 42 U.S.C. 13981, 15601, 15602; DC-ADM 001; 008; 201

3. DENIAL OF BASIC HUMAN NEEDS FOR LONG PERIODS OF TIME. WILSON V. SEITER 501 U.S. 294, 300, 304-05, 111 S.CT. 2321 (1991) (FOOD, SHELTER, SAFETY, MEDICAL TREATMENT EXERCISE, HYGIENE, etc); FOSTER V. RUNNELS, 554 F.3d 807, 814 (C.A. 9 CAL. 2009) (SUSTAINED DEPRIVATION OF FOOD CAN BE CRUEL-N-UNUSUAL PUNISHMENT WHEN IT RESULTS IN PAIN WITHOUT PENOLOGICAL PURPOSE); VETETO V. MILLER, 829 F.SUPP 1486, 1496 (M.D.PA. 1992) (PLAINTIFF IS ALLEGING THAT HE INDEED WENT HUNGRY DUE TO DENIAL OF FOOD)

4. ACTS OF RETALIATIONS COMMITTED BY SCI-GREENE DOC STAFF AND MEDICAL PROFESSIONALS, FRIENDS, RELATIVES, NEIGHBORS, IN-LAWS, CO-WORKERS, etc. WHO ARE BEING SUED IN THE INSTANT LEGAL ACTION, OR ANOTHER LEGAL ACTION; OR PLAINTIFF FILED A GRIEVANCE AGAINST CONTACTED AUTHORITIES CONCERNING ON-GOING RETALIATION, SEE ATTACHED Doc #2, WHICH ONLY CITES 75% OF DEFENDANTS; SEE, RUTAN V. REPUBLICAN PARTY OF ILLINOIS 497 U.S. 62, 76 AT NOTE #8, 110 S.CT. 2729 (1990) (WHEN INTENDED TO PUNISH FOR EXERCISING FREE SPEECH); RAUSER V. HORN, 241 F.3d 330, 333 ("THE RELEVANT QUESTION IS NOT WHETHER PLAINTIFF HAD A PROTECTED LIBERTY INTEREST IN THE PRIVILEGE HE WAS DENIED, WHETHER HE WAS DENIED THOSE PRIVILEGES IN RETALIATION FOR EXERCISING A CONSTITUTIONAL RIGHT); ALLAH V. SEIVERLING, 229 F.3d 220, 225 (3rd CIR. 2000); MITCHELL V. HORN, 318 F.3d 523, 530 (3rd CIR 2003) (FALSE MISCONDUCT REPORT); SMITH V. MENSINGER, 293 F.3d 641, 653 (3rd CIR. 2002) (WE HAVE ... HELD THAT FALSIFYING MISCONDUCT REPORT IN RETALIATION FOR INMATE RESORT TO LEGAL PROCESS IS A VIOLATION OF THE FIRST AMENDMENT'S GUARANTEE OF FREE ACCESS TO THE COURT"); BABCOCK V. WHITE, 102 F.3d 267, 275-76 (7th CIR 1999) (PRISON OFFICIALS RETALIATED AGAINST PRISONER FOR USE OF THE GRIEVANCE SYSTEM AND PREVIOUS LAWSUITS); THADDEUS-X V. BLATTER, 175 F.3d 378, 398 (6th CIR 1999) (HARASSMENT, PHYSICAL THREATS, AND TRANSFER TO A PRISON AREA RESERVED FOR MENTALLY DISTURBED INMATES INMATES, WAS SUFFICIENTLY ADVERSE ACTION TO DETER PRISONER FROM EXPRESSING HIS RIGHT OF ACCESS TO COURT) ALSO SEE 42 U.S.C. 1997 (A)(RETALIATION IN ANY MANNER); PA. DOC POLICY 804 GLOSSARY AT RETALIATION (ACTS OF VENGEANCE, UNJUSTIFIED PLACEMENT, DENIAL OF PRIVILEGES-N-SERVICES)

5. DENIAL OF DUE PROCESS-N-EQUAL PROTECTION OF SCI-GREENE RHU POLICY, WHICH DICTATES THAT ALL RHU INMATES THAT SUBMITS A SICK CALL REQUEST WILL BE SEEN THE NEXT DAY BY MEDICAL PROFESSIONALS AT THE INMATE'S CELL DOOR WITHOUT REMOVING THE INMATE FROM HIS CELL; DESHANEY V. WINNEABAGO COUNTY DEPT. O SOC. SERVS. 489 U.S. 189, 195-96, 109 S.CT. 998 (1989); BRIGHT V. WESTMORELAND COUNTY, 443 F.3d 276, 281 (3rd CIR 2006)

6. STATE CREATED DANGER, AND CLASS OF ONE. DEFENDANTS ACTIONS ARE NOT INADVERTENT, COINCIDENTAL OR A

MOL ISO-OTSC: 4:08-CV-1283 ①

HONEST MISTAKE, DEFENDANTS VOWED TO COMMIT THESE ACTS IN ADVANCE TO CARRYING THEM OUT-N-BRAG-N-TAUNT PLAINTIFF SUBSEQUENTLY TO HAVING VIOLATED PLAINTIFF RIGHTS, AND SOME OF THE ABUSES CONSIST OF SEXUAL-N-PHYSICAL ASSAULTS-N-VILE AND BARBAROUS ACTS COMMITTED AFTER LOTS OF FORETHOUGH, WHICH ARE CLEARLY EIGHTH AMENDMENT VIOLATIONS, WHICH ENTAILED DUE PROCESS-N-EQUAL PROTECTION VIOLATIONS, (1) THE HARM ULTIMATED CAUSED TO PLAINTIFF WAS FORESEEABLE, AND FAIRLY DIRECT (2) THE STATE ACTOR ACTED IN WILLFUL DISREGARD FOR PLAINTIFF SAFETY, (3) THERE WERE SOME RELATION BETWEEN THE STATE AND THE PLAINTIFF, AND (4) THE STATE ACTOR USED HIS AUTHORITY TO CREATE AN OPPORTUNITY FOR THE DANGER THAT OTHERWISE WOULD NOT EXISTED. DESHANEY V. WINNEABGO COUNTY DEPT. OF SOC. SERVS. 489 U.S. 189, 195-196, 109 S.CT. 998 (1989); PHILLIPS V. COUNTY OF ALLEGHENY, 515 F.3d 224, 235 (3rd CIR 2008); SANFORD V. STILES, 456 F.3d 298 (3rd CIR); BRIGHT V. WESTMORELAND COUNTY, 443 F.3d 276, 281 (3rd CIR 2006)("SHOCK THE CONSCIENCE"); DEFENDANTS ACTS WERE NOT MADE DURING SPLIT SECOND LIFE AND DEATH DECISIONS, PHILIPS 515 F.3d AT 240; HYPER PRESSURIZED ENVIRONMENT SANFORD, 456 F.3d AT 306; KNEIPP V. TEDDER, 95 F.3d 1199, 1208 (3rd CIR. 1996); RIVAS V. CITY OF PASSAIC, 365 F.3d 181, 194 (3rd CIR 2004)(MISUSE OF AUTHORITY VIOLATED DUE PROCESS)... DEFENDANTS CONTINUOUSLY SINGLED PLAINTIFF OUT TO TREAT HIM DIFFERENT FROM ALL OTHER RHU INMATES, VILLAGE OF WILLOWBROOK V. OLECH, 528 U.S. 562, 564, 120 S.CT. 1073 (2000)("CLASS OF ONE"); HILL V. BOROUGH OF KUTZTOWN, 455 F.3d 225 (3rd CIR 2006)

7. DEFENDANTS HAVE NEVER FAILED TO FOLLOW UP THEIR THREAT WITH BRUT FORCE, i.e. PLAINTIFF IS PERMANENTLY MAIMED DUE TO THE PHYSICAL ABUSE OF SCI-GREENE DOC STAFF-N-MEDICAL PROFESSIONALS. DEFENDANTS THREATS ARE ALWAYS ACCOMPANIED WITH ACTION, OFTEN IN THE FORM OF PHYSICAL ASSAULT, AND DENIAL OF BASIC HUMAN NEEDS, DESTRUCTION OF LEGAL DOCUMENTS-N-PERSONAL PROPERTY. SEE BURHOLDER V. NEWTON, 116 F.APPX 358, 360 (3rd CIR 2004)(WORDS-N-ACTIONS); DEWALT V. CARTER 224 F.3d 607, 612 (7th CIR 2000); MacLEAN V. SECOR, 876 F.SUPP. 695, 698 (E.D. PA. 1995)(THREATS ACCOMPANIED BY REINFORCING ACTS) ALSO SEE PLAINTIFF ORDER TO SHOW CAUSE FOR WRIT OF MANDAMUS, AND "ALL ATTACH" SUPPORTING DOCUMENT FILED IN THIS COURT ON OR NEAR 1-28-13, WHICH TO DATE! THIS COURT HAS FAIL TO ADDRESS WHICH ALLOWED MUCH OF EXCULPATORY EVIDENCE TO BE DESTROYED. AGAIN, PLAINTIFF STATES, HE IS COMPLYING TO WORDS OF HONORABLE MARTIN C. CARLSON, IN HIS ORDER OF 3-8-13, WHERE IT STATES ON PAGE 5, "FINALLY, TO THE EXTENT THAT WASHINGTON BELIEVES THAT NON-PARTY PRISON OFFICIALS ARE ENDANGERING HIS SAFETY HE SHOULD EITHER FILE A NEW ACTION IN THE DISTRICT WHERE HE IS CONFINED, OR SEEK APPROPRIATE INJUNCTIVE RELIEF IN THIS ACTION." SEE Doc #33-N-34 AT P.1, MORE THAN 132 DEFENDANTS, DATED: 6-24-10; Doc #51, P.1 DATED: 11-9-10 (MORE THAN 150 DEFENDANTS) 10-443, FILED 11-29-10, PP 1-2, WHICH PROVIDES THE COMPLETE LIST OF DEFENDANTS; PLAINTIFF PURPOSE FOR DIRECT THE COURT'S ATTENTION TO THE LIST OF DEFENDANTS IS TO DEMONSTRATE THE NON-PART PRISON OFFICIALS CASING PLAINTIFF LIFE TO BE ENDANGERED ARE FEW, AND THOSE WHO "BELIEVE" THEY ARE BEING SUED IN THIS ACTION ARE ASTRONOMICAL, ALSO SEE THE ATTACHED DOCUMENT #2, FILED 8-17-11, THEREFORE PLAINTIFF HAS INDEED ATTEMPTED TO ACCOMPLISH EXACTLY WHAT, THE HONORABLE JUDGE, MARTIN C. CARLSON, SUGGESTED; WHEREBY, ALSO PLAINTIFF BEG THIS COURT TO REVIEW PLAINTIFF'S ORDER TO SHOW CAUSE FOR WRIT OF MANDAMUS-N-ALL ATTACHMENTS FILED TO THIS COURT ON 1-28-13; PLAINTIFF SUBMITTED THE INSTANT DOCUMENT IN COMPLIANCE TO THE COURT'S SUGGESTION, FORE MENTIONED, Doc #123, AT P.5, DATED: 3-8-13; THE SCI-GREENE DOC STAFF-N-MEDICAL PROFESSIONALS WHO ARE NON-PARTY TO THIS ACTION WHO ARE CURRENTLY ENDANGERING PLAINTIFF LIFE ARE COUNTLESS.

8. SEVERAL TIMES OVER PLAINTIFF HAS MADE SCI-GREENE, PA DOC CENTRAL OFFICE-N-PHS ADMINISTRATIONS AWARE IN DETAIL, WHEREIN THESE SUPERVISORS PERSONAL THREATEN PLAINTIFF LIFE, THEN PARTICIPATED IN ABUSE AGAINST PLAINTIFF. FARMER V. BRENNEN, 511 U.S. 825, 537, 547, 114 S.CT. 1970 (1994)(KNOWS OF AND DISREGARDS AN EXCESSIVE RISK TO INMATE 'HEALTH OR SAFETY'"... "KNEW THAT INMATE FACE A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARD THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE IT"); BD. OF COUNTY OF COMM'RS OF BRYAN COUNTY, OKLAHOMA V. BROWN, 520 U.S. 397, 417-18, 117 S.CT. 1382 (1997)(THE POLICY MAKER HAS FAILED TO ACT AFFIRMATIVELY AT ALL, THOUGH THE NEED TO TAKE SOME ACTION TO CONTROL THE AGENTS OF THE GOVERNMENT "IS SO OBVIOUS, AND THE INADEQUACY OF THE EXISTING PRACTICES ARE SO LIKELY TO RESULT IN THE VIOLATION OF CONSTITUTIONAL RIGHTS THAT THE POLICY MAKER CAN REASONABLY BE SAID TO HAVE BEEN DELIBERATE INDIFFERENCE TO THE NEED); POLK COUNTY V. DODSON, 454 U.S. 312, 325 (1981)... THE SUBORDINATES TO PREVENT UNCONSTITUTIONAL HARM AROSE FROM THE SURROUNDING CIRCUMSTANCES AND THAT AS A RESULT OF THE OFFICIALS FAILURE TO INSTRUCT, THE PLAINTIFF WAS HARM"); ASHCROFT V. IQBAL, 129 S.CT. 1937 (2009)(KNOWLEDGE, AND PERSONAL PARTICIPATION); SPRUILL V. GILLIS, 372 F.3d 218, 236 (3rd CIR 2004)(INMATE SAFETY AND HEALTH IS PROMOTED BY DIVIDING RESPONSIBILITY FOR VARIOUS ASPECTS OF INMATE LIFE AMONG GUARDS, ADMINISTRATORS, PHYSICIANS, AND SO ON); HAMILTON V. LEAVY, 117 F.3d 742, 744 (3rd CIR 1997)(KNEW-N-DIS-

DOBSON, 454 U.S. 322, 325 (1981)(PERSONAL INVOLVEMENT OR ACTUAL KNOWLEDGE, AND ACQUIESCENCE); HARDY V. DISTRICT OF COLUMBIA, 601 F. Supp 2d. 182, 190-91 (D.D.C. 2009)("FAILURE OF SUPERVISOR, WHO'S DUTY TO INSTRUCT THE SUBORDINATES TO PREVENT UNCONSTITUTIONAL HARM AROSE FROM THE SURROUNDING CIRCUMSTANCES, AND THAT AS A RESULT OF THE OFFICIALS FAILURE TO INSTRUCT THE PLAINTIFF WAS HARMED); ASHCROFT V. IQBAL, 129 S. CT. 1937 (2009)(KNOWLEDGE-N-PERSONAL PARTICIPATION); SPRUILL V. GILLIS 372 F.3d 218, 236 (3RD CIR. 2004)(INMATE SAFETY AND HEALTH IS PROMOTED BY DIVIDING RESPONSIBILITY FOR VARIOUS ASPECTS OF INMATE LIFE AMONG GUARDS, ADMINISTRATORS, PHYSICIANS, AND SO ON); HAMILTON V. LEAVY, 117 F.3d 742, 744 (3RD CIR 1997) KNEW-N-DIS-

N.B. FOR THE SAKE OF CORRECTING THE LATTER OF PAGE 2

MOLISO-OTSC. 4:08-CV-1283                    (2A)

REGARDED AN EXCESSIVE RISK TO SAFETY); HODGE V. UNITED STATES, NO. 6.-1622, 2007 WL 2571938 (M.D. PA AUGUST 31, 2007); JAMES V. DEPARTMENT OF CORRECTIONS, 230 F. APP'X 195, 197-198 (3RD CIR. 2007) (KNOWLEDGE-N-DISREGARDED THE RISK); PAYTON V. VAUGH 798 F. SUPP. 258, 260 (E.D. PA 1992) (KNOWLEDGE-N-CONSENT); HOWELL V. CATALDI, 464 F. F2d 272, 282 (3RD CIR. 1972)

9. PLAINTIFF HAS BEEN HARMED NUMEROUS TIME BY SCI-GREENE DOC STAFF-N-MEDICAL PROFESSIONALS; DEFENDANTS WHO ARE CURRENTLY BEING SUED BY PLAINTIFF; AND DEFENDANTS' RELATIVES, CLOSE FRIENDS, NEIGHBORS, ARMY BUDDIES, etc. TO DATE! ARE ABUSING PLAINTIFF ON A DAILY BASES, AND IT IS INEVITABLE THAT PLAINTIFF WILL INCUR YET ANOTHER IRREPARABLE INJURY CAUSED BY THE SAME IDENTICAL SCI-GREENE DOC STAFF-N-MEDICAL PROFESSIONALS; IT IS VERY LIKELY THAT PLAINTIFF WILL SUFFER YET ANOTHER "ACTUAL OR IMMINENT" INJURY, SEE LEWIS V. CASEY, 518 U.S. 343 (1996) (ACTUAL OR IMMINENT INJURY). PLAINTIFF WILL BE WORST OFF BECAUSE OF DEFENDANTS CONTINUOUS ABUSES, i.e. PHYSICAL-N-SEXUAL ASSAULTS, SEXUAL HARASMENT, DENIAL OF BASIC HUMAN NEEDS, DESTRUCTION OF LEGAL DOCUMENTS PERTAINING TO THE INSTANT LEGAL ACTION-N-PERSONAL PROPERTY, 1ST, 4TH AND 14TH AMENDMENT RIGHTS. WITHOUT AN INJUNCTION THESE ABUSES WILL CONTINUE. PLAINTIFF IS NEAR 70-YEARS OF AGE, SICKLY-N-WEAK, THEREFORE, PLAINTIFF CANNOT PROTECT HIMSELF FROM THESE ABUSES-N-VIOLENT ATTACKS.

10. THUS FAR THE MAGISTRATE JUDGE, THE HONORABLE, MARTIN C. CARLSON, HAS SUMMARILY DISCARDED PLAINTIFF AVERMENTS AS UNTRUE, INSIGNIFICANT, etc. WHILE ACCEPTING DEFENDANTS DENIALS-N-FABRICATIONS AS FACT-N-ALL THAT MATTERS... PLAINTIFF IS A PRO SE LITIGATOR, ALL PLEADING SHOULD BE ACCEPTED AS TRUE. HAINES V. KERNER, 404 U.S. 519, 520 (1972); HIGGS V. ATT'Y GEN, ___ F.3d ___ 2011, U.S. APP LEXIS 17748, AT 12-14 (3RD CIR. AUGUST 25, 2011; NO. 9-3128)

IN LIGHT OF THE FOREGOING PLAINTIFF ORDER TO SHOW CAUSE FOR A PERMANENT INJUNCTION, AND OR PRELIMINARY INJUNCTION SHOULD BE GRANTED.

DATE: 3-11-13

"RESPECTFULLY SUBMITTED"
S/ Henry Unseld Washington
HENRY UNSELD WASHINGTON
AM-3086
PRO SE