IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY WASHINGTON, | : | |
| | : | Civil Action No. 4:CV-08-1283 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JAMES L. GRACE, et al., | : | |
| | : | Filed Via Electronic Case Filing |
| Defendants | : | |

**DEFENDANTS' BRIEF IN SUPPORT
OF SECOND MOTION FOR SANCTIONS AGAINST PLAINTIFF**

**I.    STATEMENT OF THE CASE**

This is a civil rights action brought by the Plaintiff, who is an inmate formerly incarcerated at the State Correctional Institutions at Fayette ("SCI-Fayette") and Huntingdon ("SCI-Huntingdon"). The Defendants are past and present employees of the Department of Corrections at SCI-Fayette and SCI-Huntingdon.

The Plaintiff's original Amended Complaint is over 70 pages long and contains almost 200 separate paragraphs. There are over 40 named Defendants. In his Amended Complaint, the Plaintiff accuses the Defendants of various actions, including threats to kill him, denial of food, shower, and exercise yard, excessive use of force against him, denial of medical care, and damage to his personal property. Amended Complaint at ¶¶ 1-10 *et passim*.

This matter is on remand from the Third Circuit Court of Appeals. The Third Circuit affirmed in part Judge Jones' prior Order of June 28, 2011, dismissing Plaintiff's Amended Complaint, but found that the Plaintiff had sufficiently pled certain claims, including alleged equal protection, retaliation and use of force claims. *See Per Curiam* Order of September 27, 2011.

In his Memorandum Opinion and Order, dated February 7, 2012 (Doc. 87), Magistrate Judge Carlson consolidated the two cases filed by the Plaintiff and directed that all future filings be made under docket no. 4:08-CV-1283. *Id.*

The Defendants have filed an Answer to Plaintiff's Third Amended Complaint with Affirmative Defenses.

The Defendants scheduled the Plaintiff's first deposition for January 28, 2013. At the first deposition, the Plaintiff refused to answer most of the undersigned counsel's questions until he had read a Declaration which the Plaintiff had written. After the undersigned counsel read the Declaration, the Plaintiff refused to answer any of counsel's questions and refused to speak at all. Counsel also advised the Plaintiff he would file a motion for sanctions, if he continued to refuse to cooperate with the deposition. Counsel ended the deposition after the Plaintiff still refused to respond to any questions posed by counsel.

The Defendants previously filed a Motion for Sanctions, which the Court treated as a Motion to Compel and granted. *See* Order of February 26, 2013 (Doc.

120).  In that Order, the Plaintiff was warned that his failure to cooperate with the deposition could result in sanctions, including possible dismissal of his claims. On March 19, 2013, the second deposition of the Plaintiff was held.  The Plaintiff again refused to answer counsel's questions and repeated continuously that his life was in danger at his current prison.  After it was clear that the Plaintiff was not going to cooperate, counsel terminated the deposition.  A true and correct copy of the Plaintiff's deposition transcript is attached to the Defendants' Appendix to this Motion.

This Brief is submitted in support of Defendants' Second Motion for Sanctions against Plaintiff.

**II.   STATEMENT OF QUESTION PRESENTED**

SHOULD SANCTIONS BE IMPOSED AGAINST THE PLAINTIFF FOR REFUSING TO COOPERATE WITH HIS DEPOSITION, INCLUDING THE DISMISSAL OF HIS CLAIMS, BECAUSE ALL OF THE *POULIS* FACTORS HAVE BEEN MET?

Recommended Answer:  YES.

**III.  ARGUMENT**

SANCTIONS SHOULD BE IMPOSED AGAINST THE PLAINTIFF FOR REFUSING TO COOPERATE WITH HIS DEPOSITION, INCLUDING THE DISMISSAL OF HIS CLAIMS, BECAUSE ALL OF THE *POULIS* FACTORS HAVE BEEN MET.

Sanctions should be imposed against the Plaintiff for failing to comply with the discovery rules.  The Plaintiff continues to refuse to cooperate with the

3

discovery process by refusing to answer counsel's questions about his claims. The Plaintiff is also in flagrant violation of the Court's prior Order of February 26, 2013, in which he was warned about the possible dismissal of his action. At the second scheduled deposition, held on March 19, 2013, the Plaintiff refused to answer any of counsel's questions but repeated stated that he was in danger at the institution. The Plaintiff has offered no valid excuse for his failure to cooperate with the deposition and sanctions are appropriate, including the dismissal of this action.

Where a party fails to answer questions propounded to him at a deposition, Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure permits the Court upon motion to enter an order compelling the party to answer those questions. In addition, where a party fails to attend a deposition, under Rule 37(d), the Court may on motion order sanctions. *See Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) (sanctions proper against witness who failed to cooperate at deposition). In fact, Rule 37(d) does not require an order compelling discovery before a court may impose sanctions for the failure to appear or cooperate at a deposition. *Black Horse Lane Assoc.*, 228 F.3d at 302.

The sanction of dismissal is available to the district court, not only to penalize those who engage in egregious conduct, but also to deter parties from engaging in such conduct in the future. *National Hockey League v. Metropolitan*

*Hockey Club,* 427 U.S. 639, 643 (1976); *Capitol Pants Co. v. United States Fidelity and Guaranty Co.*, 1996 U.S. Dist. LEXIS 1279 at *5 (E.D. Pa. February 2, 1996) (copy attached). In deciding whether to dismiss an action, the court should consider the following factors: (1) the extent of the party's personal responsibility*;* (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith*;* (5) the effectiveness of sanctions other than dismissal, and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Great Western Funding v. Mendelson*, 158 F.R.D. 339, 344 (E.D. Pa. 1994), *reconsid. denied*, 158 F.R.D. 339 (E.D. Pa. 1994).

The *Poulis* factors are merely factors that the court should consider when making its decision to dismiss an action. The absence of one or more of them would not necessarily prevent a court from dismissing the case. *Great Western Funding*, 158 F.R.D. at 344, *citing Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied,* 488 U.S. 1005 (1989).

In this case, the Plaintiff refused to cooperate during his two separate depositions. Specifically, he refused to answer any of counsel's questions after insisting that he read the Plaintiff's Declaration in the first deposition. In the second deposition, he repeatedly stated that his life was in danger at the prison.

This was, despite being advised of the normal stipulations which apply to discovery depositions. He was also warned that the Defendants would seek sanctions. The Plaintiff's refusal to cooperate was done in bad faith and in violation of the discovery rules. This is one reason why his lawsuit should be dismissed under *Poulis*.

All of the *Poulis* factors apply here and so dismissal is appropriate. The Plaintiff is personally responsible for his non-cooperation and refusal to respond to any questions. This is not the case where the discovery violations are due to the actions of counsel.

The Plaintiff also has a history of dilatoriness. He has repeatedly asked the Court for extensions of time in which to amend his Complaint. Most recently, the Court denied his motion for extension of time to amend and directed the Defendants to respond to his allegations.

The Defendants will be prejudiced, because these consolidated actions are several years old and the Defendants need to conduct discovery to determine the Plaintiff's credibility and the details of his numerous and vague allegations. The Defendants also have meritorious defenses to the Plaintiff's claims of excessive use of force and retaliation.

The Plaintiff's actions are also willful and in bad faith. There is no basis for his allegations that he is any danger at his current facility. The Plaintiff cannot

claim ignorance of the consequences of his actions. He has been warned by counsel for the Defendants and by the Court. His repeated refusals are merely a stalling tactic and a waste of the Court's valuable time and efforts as well as counsel's time and efforts.

Finally, monetary sanctions would not effective, because the Plaintiff is a pro se litigant and does not have the financial means to pay money sanctions. Therefore, dismissal of the Plaintiff's action is appropriate.

All of the six *Poulis* factors need not be satisfied in order to justify dismissal of a plaintiff's claim. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Rules and orders of court serve important functions, and in appropriate circumstances, a failure to abide by them can result in dismissal." *Thomsen v. Sun Co., Inc.*, 498 F. Supp. 1109, 1111 (E.D. Pa. 1980) (*citing Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404 (3d Cir. 1980)).

The Courts have dismissed actions under Rule 41(b), where a party has failed to comply with the discovery rules. In *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989), the Third Circuit Court of Appeals affirmed the dismissal of the plaintiff's civil rights action based on his failure to attend his depositions, one of which was in violation of the district court's order. In affirming the decision, the Third Circuit noted that the plaintiff was personally responsible for failing to attend the depositions and his conduct was

willful. Similarly in this case, the Plaintiff has refused to cooperate with his deposition in direct violation of a prior Court Order.

*See also Fattah v. Beard*, 214 Fed. Appx. 230, 233 (3d Cir. 2007) (inmate lawsuit dismissed for failure to attend depositions, including court-ordered deposition); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (dismissal appropriate where party repeatedly refused to comply with discovery requests and orders).

## IV. CONCLUSION

For all the above reasons, it is respectfully requested that the Court grant the Defendants' Second Motion for Sanctions and impose sanctions against the Plaintiff, including dismissal of this action.

        Respectfully submitted,

        Office of General Counsel

By:  /s/ Raymond W. Dorian
      Raymond W. Dorian
      Assistant Counsel
      Attorney I.D. No. PA48148
      Pennsylvania Department of Corrections
      1920 Technology Parkway
      Mechanicsburg, PA 17015
      (717) 728-7763
      Fax No.: (717) 728-0307
      E-mail: rdorian@pa.gov

Dated: April 2, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY WASHINGTON, | : |
| | : Civil Action No. 4:CV-08-1283 |
| Plaintiff, | : |
| | : (Judge Jones) |
| v. | : |
| | : (Magistrate Judge Carlson) |
| JAMES L. GRACE, et al., | : |
| | : Filed Via Electronic Case Filing |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Defendants' Brief in Support of Second Motion for Sanctions against Plaintiff upon the person(s) in the above-captioned matter.

Service by first-class mail
addressed as follows:

Henry Washington, AM-3086
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-8090

s/ Rose A. White

Rose A. White
Clerk Typist II
PA Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17015
(717) 728-7763

Dated: April 2, 2013